Roach *vs.* Sulter.

---

PATRICK Z. ROACH, plaintiff in error, *vs.* HENRY SULTER, defendant in error.

A writ of error does not lie to this court from the city court of Savannah to set aside a verdict of a jury, either because it is contrary to the evidence or because it is not such a verdict as the jury might lawfully render under the pleadings. A writ of error only lies from the decision, sentence or decree of the court.

Practice in the Supreme Court.    Before the Supreme Court. January Term, 1874.

Roach, without having made any motion for a new trial, brought the above stated case to this court upon the following assignments of error :

1st. Because the verdict is contrary to law.

2d. Because the verdict is contrary to evidence.

3d. Because the verdict is contrary to the charge of the court.

4th. Because the jury found for the plaintiff generally, without specifying upon which of the counts contained in the declaration they based their verdict, there being no evidence to sustain the first count, and counsel for the plaintiff having stated to the court and jury that he relied upon the second count only.

Counsel for Sulter moved to dismiss the writ of error because the court could not pass upon the verdict of a jury in the absence of a motion for a new trial. The court sustained the motion in the decision which follows.

JOHN M. GUERARD, by brief, for plaintiff in error.

Could not obtain new trial in the city court of Savannah, because its organic law is like that of the city court of Atlanta: Tate *vs.* The State, 48 Georgia Reports, 37. It is only when a new trial is not moved for in a court able to grant it that this court will not revise a verdict, but "*cessante ratione, cessat et ipsa lex.*"

THOMAS R. MILLS, JR., for defendant.

1st. Writ of error lies only from judgment, sentence, or decree of a court: See Code, section 4250.

2d. To correct error of fact or verdict of a jury, remedy is generally by motion for new trial, or by writ of *certiorari* (never by writ of error:) See Code, section 3717.

3d. City court of Savannah can grant new trials, and the case of Tate *vs.* The State does not apply. If the power cannot be derived from the city court law, (Code, sections 4923 and 4932 and the constitution of Georgia, Code, section 5086,) still the right seems to be expressly conferred by acts of 1865 and 1866, page 46 : See Code, section 4266. Power can be derived from city court law and constitution of Georgia : See decision of Judge Chisholm, Murphy & Clark *vs.* B. J. Wilson, May term, 1869. The supreme court has acquiesced in the jurisdiction of the city court of Savannah to grant new trials : See Beckford & Holman *vs.* Chipman, 44 Ga., 545.

4th. But if want of power to grant new trials deprive parties of right of being heard on questions of evidence by writ of error, it is for the *legislature* to legislate a remedy into existence : See Tate *vs.* The State, 48 Ga., 38.

5th. But the party is not without remedy. For errors of law, he has writ of error ; for error of fact, he has writ of *certiorari* to superior court and other remedies : See 48 Ga., 38. The supreme court has frequently decided that it will not, *under a writ of error*, review the findings of a jury : See Code, section 5086, McRae *vs.* Adams, 36 Ga., 442; Fish *vs.* Van Winkle, 34 Ga., 339; Ellington *vs.* Coleman, 34 Ga., 425.

McCay, Judge.

Whether the city court of Savannah can grant a new trial upon the evidence from the verdict of a jury, is not in this record, and we do not pass upon it, though we see no reason to change the opinion we expressed in the case as to whether the city court of Atlanta had this power. In our judgment it is a questionable power at any rate. Why should the judgment of twelve men be subject to be reversed by the judgment of one man? The jurisdiction of the city court is limited to $1,000 00. No great interests are at stake in leaving the final judgment in such a case upon the facts to a jury. They are very apt to be right. Even in this case, however wrong they may be as to form they have done very fair justice. Perhaps the verdict may be illegal because not in the alternative. But if so, a motion should have been made to set it aside for that reason. This court has no original jurisdiction. Its power is only to review the decision, sentence or decree of the court, and until the court has passed upon a matter we have no power over it. Even in the case of a verdict of a jury in the superior court, this court has only jurisdiction by action on the judgment of the court in setting it aside or in refusing to do so.

Judgment affirmed.